My name is Mark Ebert, and I represent Mr. Blanco-Loya. There are three issues in this appeal, and I'll do what I can in five minutes, and I would like to reserve half my time for my rebuttal. The first issue is the motion to suppress evidence. And I'd like to start with the government's argument that the body or identity of a defendant can never be suppressed, no matter what violations of law led to the defendant's arrest or appearance in court in the first place. If you read the Supreme Court's decision in INS v. Lopez-Mendoza very carefully, you'll see that the court there only ruled that the court didn't lose jurisdiction over the person of the defendant because of his unlawful arrest. But as to the suppression of evidence, the court also reaffirmed that evidence, such as defendant's statements that's unlawfully obtained, is suppressible in a criminal proceeding. The primary holding of Lopez-Mendoza was simply that the exclusionary rule didn't apply in a civil deportation proceeding. But the dictum in Lopez-Mendoza about the body or identity of a defendant not being suppressible has raised a lot of confusion, including at one time, I would say, a circuit split between the Ninth and the Eighth Circuits, and inconsistent decisions within the Ninth Circuit itself. In 1994 in Guzman-Bruno, a panel of this circuit did hold that the fact of a defendant's identity wasn't suppressible, but that his statements and other evidence was suppressible, citing Lopez-Mendoza in one or two sentences without any analysis. But later in 2004, a panel of this court in Garcia-Beltran analyzed the Lopez-Mendoza case and concluded correctly, I submit, that it only prohibited suppression of the defendant's body, but that he could still be compelled to appear in court and answer the charges, but that evidence, including evidence that might be used to establish his identity, remains suppressible if it's illegally obtained. Let's assume you're right on that point. What's wrong with the stop? First of all, it wasn't justified in its inception. Mr. Blanco-Loya's car ---- The officer said there was a traffic violation. They stopped for a traffic violation. He said he stopped for a violation of the vehicle code. However, the evidence from Mr. Blanco-Loya's declaration or the declaration his lawyer submitted was uncontradicted, that that violation didn't occur, that he was stopped because of a lack of a front license plate, and that as soon as he was stopped, the ---- The law enforcement officer sees a car going down the street and believes, honestly, that there's a light out or there's no front license plate or there's some other defect, he stops the car, and in the course of the stop, it appears that he was wrong. Does that make the stop invalid? Well, first of all, I just want to say in this ---- Start with a yes or no. Okay. If he was wrong and if he sees that he's wrong when he makes the stop, then, yes, the stop is invalid from its inception, and he should have let them go at that time. He thinks there's no front license plate. He walks up to the window of the car. He has not looked at the plate yet. He leans in and asks the officer, the occupants of the car, for their identity. What's wrong with that? I think that in this case, the evidence that was presented was that the officer acknowledged as soon as he stopped the car that, yes, there's a front license plate there. I think that ---- Do we know that's precisely why the car was stopped? That is the uncontradicted evidence from the declaration that Mr. Blanco, his lawyer, submitted, was that he was stopped for a lack of a front license plate. Is that a statement of Mr. Blanco, lawyer, or the lawyer? It's a statement of the lawyer as to what his client would testify to. Okay. Okay. And I think that the ---- number one, there's really no reason to believe in this case that this was a mistake, that he simply didn't see it. It could just as easily have been a pretext stop based on the fact that he admitted when he stopped the car that, yes, you do have a front license plate. Do you think the district judge, in effect, found that traffic stop was based on a mistake? I don't think the district judge really decided that. I think the district judge simply said in a one or two-sentence ruling that if you have an administrative warrant, that that justifies taking a person into custody. But you don't even get to the problem or the issue of the administrative warrant if either the stop was invalid from its inception, which I would submit that it was here, or if the scope of the investigation exceeded what would be reasonable based on the circumstances of the stop. Can you help us save five minutes? Yes, Your Honor. I tried to edit it and give it to you in full. I neglected to say when I took the bench that Judge Noonan and I are delighted to be sitting this morning with Judge Reed from Reno, Nevada. Thank you for coming in and helping us, Judge. We really appreciate it. Counsel. Thank you. If it pleases the Court, I'm Amber Rosen representing the United States in this matter. As counsel indicated, the defendant, a ten-time felon who's been deported from the United States three times, raises primarily three issues in his appeal, each of which the motion to suppress, the issue of necessity, and on his sentence have been specifically foreclosed by cases of this Court already. I did not hear him comment on necessity, so I think you need not address that. Thank you. I won't, Your Honor. I would like, then, to start by addressing the suppression motion. This Court need not decide the legality of the stop in this case. That is because defend the only evidence that the officers obtained during the course of the stop was defendant's name and date of birth and the fact that there was an outstanding warrant for him. This Court has squarely held that the mere identity of a defendant and any official documents that officers discover after having learned a defendant's identity are never suppressible. That's the Guzman-Bruno case. Defendant's counsel indicates that that case has been narrowed by subsequent cases of this Court, but that's simply incorrect. Garcia-Baltran was a case that dealt with fingerprint evidence, which is not at issue in this case, and fingerprints have been dealt with differently by this Court than evidence of simply a defendant's identity, mere identity. In 2004, this Court decided United States v. Del Toro-Gudino. That case, in fact, expanded Guzman-Bruno, for in that case, this Court held that even in cases of egregious Fourth Amendment violations, mere identity is not suppressible. It said, mere identity evidence is different from other kinds, and the relevant circuit authority is Guzman-Bruno. Then, in 2005, this Court again in its panel decision in Ortiz-Hernandez reaffirmed that holding and, in fact, cited Del Toro-Gudino in saying, and I quote, we continue to hold today that the simple fact of a defendant – I'm sorry, that the simple fact of who a defendant is cannot be excluded, regardless of the nature of the violation leading to his identity. So, really, the question of whether the car was illegally stopped need not even be decided. Once the officer learned defendant's identity, learned there was an outstanding warrant for him, the officer had probable cause to arrest him. That's not even now being disputed that the warrant is sufficient probable cause. And any statements the defendant made, further incriminating statements other than his identity and date of birth, were only made after the legal and lawful arrest and after properly being Mirandized. So the district court was correct in suppressing – I'm sorry, in denying defendant's motion to suppress. The only other issue I would address with respect with the sentencing, defendant claims that there was some booker error based on the mandatory application of the guidelines. As we suggest in our brief, we believe there are sufficient facts from which this court could find that a remand is not necessary, that the court wouldn't have imposed a materially different sentence based on its refusal to grant a departure and based on its statement that, at most, what it would do is give a low-end guideline range. But if the government recognizes that the court generally – this court has generally been disposed toward granting limited amyline remands when the guidelines have been applied, and if that's the case here, we would ask simply that it be a limited amyline remand for the sole purpose of determining whether the district court would impose the same sentence rather than a full remand. Thank you. Roberts. Thank you, counsel. Rebuttal. Yes, Your Honor. First of all, I'd like to point out that it is not only the fact of Mr. Blanco-Loya's stop. There are, for example, other – there is other evidence which helps to establish his identity, which, under the cases I cited, is still suppressible. For example, his incriminating statements to the officer and to the INS agents when they interviewed him. For example, testimony from the officer about where and how he was stopped and what he said. I don't recall whether fingerprints were used, but in the Garcia Beltran case, this Court recognized that if fingerprints are obtained for investigatory purposes, they are suppressible even if they help lead to evidence of the defendant's identity. And these are the kinds of evidence, as opposed to whatever the fact of identity is, it's that kind of evidence which leads to evidence – leads not only to his identity, but to incriminating matters that we're asking to be suppressed. I would note that much of the evidence in the trial about Mr. Blanco-Loya came from INS agents who said, gee, he was deported. I deported him 20 – you know, so many years ago, but, no, I don't actually remember specifically this instance. As to the stop, I would like to point out that I've cited in my brief four cases, three of them Ninth Circuit cases, Twilley, Lopez-Soto, Jimenez, Medina, and Wilson, which support the proposition that the kind of stop we have here, based on, you know, a belief or an allegation of a license plate being improper, isn't supported by reasonable suspicion and violates the Fourth Amendment. I think that once the officer stopped the car and saw whether it was a pretext stop or whether it was lack of good vision, saw that there was a front license plate, that should have ended the matter. And the evidence that there was no license plate or was a license plate. The evidence was the declaration submitted by Mr. Blanco-Loya's attorney saying this is what the testimony was. So it was the defendant who submitted that? It was his attorney who submitted a declaration saying if he testified, this is what the evidence would be. Okay. I think we understand your position. Okay. Thank you, counsel. Thank you. Counsel, thank you very much. The case just argued will be submitted for decision.
judges: Noonan, Hawkins, Reed